**STATE of Missouri, Respondent,**

**v.**

**John HAMBY, Appellant.**

**No. ED 75728.**

Missouri Court of Appeals, Eastern District, Division Four.

June 27, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 3, 2000.

Application for Transfer Denied Oct. 3, 2000.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan K. Glass, Asst. Atty. Gen., Jefferson City, for respondent.

WILLIAM H. CRANDALL, Jr., Presiding Judge.

Defendant, John Hamby, was convicted, following a bench trial, of the class B felony of burglary in the first degree, section 569.160 [1] (Count I), the class A misdemeanor of assault in the third degree, section 565.070 (Count II), and the class D felony of hindering prosecution, section 575.030 (Count III). He was sentenced as a prior and persistent offender to concurrent terms of fifteen and seven years' imprisonment as to Counts I and III, respectively, and to a consecutive term of one year as to Count II. We affirm in part and reverse in part.

On March 29, 1997, Defendant unlawfully entered the home of his neighbor with the intention of smoking a "joint" with his neighbor's daughter (victim). He found the victim asleep in her room. He proceeded to wake her up and ask her whether she wanted to smoke a "joint" with him. After the victim declined and told him to leave, he left the bedroom. Shortly thereafter, he returned and again asked the victim if she wanted to smoke a "joint." After the victim again declined, he began to strike the victim with a key in the neck and side areas. Defendant tried to interfere with the victim's attempts to call the police, but he was unsuccessful and eventually fled the premises.

Defendant first claims trial court error in that a conviction for hindering prosecution requires purposeful efforts by the defendant to prevent the apprehension, etc., "of another" person rather than the apprehension of himself. The offense of hindering prosecution is defined in section 575.030 and provides as follows:

1. A person commits the crime of hindering prosecution if for the purpose of preventing the apprehension, prosecution, conviction or punishment of another for conduct constituting a crime he:

(1) Harbors or conceals such person; or

(2) Warns such person of impending discovery or apprehension, except this does not apply to a warning given in connection with an effort to bring another into compliance with the law; or

(3) Provides such person with money, transportation, weapon, disguise or other means to aid him in avoiding discovery or apprehension; or

(4) Prevents or obstructs, by means of force, deception or intimidation, anyone from performing an act that might aid in the discovery or apprehension of such person.

2. Hindering prosecution is a class D felony if the conduct of the other person constitutes a felony; otherwise hindering prosecution is a class A misdemeanor.

The prosecution concedes and we agree that under the plain and express language of the statute, a person commits the act of hindering prosecution only when that person prevents the apprehension, prosecution, conviction or punishment of a person other than himself.

In this case, the prosecution produced no evidence at trial that defendant prevented the apprehension, prosecution, conviction or punishment of anyone other than himself. As such, the trial court erred in convicting defendant of hindering prosecution. Defendant's first point is granted.

In his second point, Defendant argues that the trial court erred in convicting him of first degree burglary because there was insufficient evidence to prove Defendant remained unlawfully for the purpose of assaulting the victim.

We have reviewed the record on appeal and find no error of law. An extended opinion would serve no jurisprudential purpose. Point two is denied. Rule 30.25(b).

1. All statutory references are to RSMo 1994, unless otherwise indicated.

Finally, Defendant claims the trial court erred in entering a felony conviction for the hindering prosecution. In view of our holding on point one, it is unnecessary to address this point.

The judgment of conviction for hindering prosecution is reversed. The judgment of the conviction of burglary in the first degree is affirmed and the judgment of the conviction of assault in the third degree is affirmed.[2]

MARY K. HOFF, Judge and JAMES A. PUDLOWSKI, Senior Judge: Concur.

---

**2.** Defendant does not challenge his conviction of assault in the third degree in this appeal.